# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| United States of America, ) | |
| ) | **ORDER DENYING MOTION TO** |
| Plaintiff, ) | **REDUCE SENTENCE, MOTION FOR** |
| ) | **TRANSCRIPTS, AND MOTION TO** |
| vs. ) | **APPOINT COUNSEL** |
| ) | |
| Brodrick Jamar Jenkins, ) | Case No. 3:12-cr-00091-1 |
| ) | |
| Defendant. ) | |

Before the Court is Defendant Brodrick Jamar Jenkins's motion to reduce sentence filed on May 1, 2020. Doc. No. 965. On May 14, 2020, the Government responded in opposition to the motion. Doc. No. 967. Jenkins seeks a reduction in his sentence based on Amendment 798 to the United States Sentencing Guidelines ("Amendment 798"). He also notes his concerns about the COVID-19 pandemic. In a separate document, Jenkins has also moved for transcripts of his change of plea and sentencing hearings and for the appointment of counsel. Doc. Nos. 969 and 970. For the reasons below, Jenkins's motions are denied.

**I.     BACKGROUND**

On December 13, 2012, a grand jury returned a superseding indictment against 16 defendants, including Jenkins. Doc. No. 122. The superseding indictment charged Jenkins with conspiracy to possess with intent to distribute and distribute in excess of 280 grams of a mixture and substance containing a detectable amount of cocaine base (crack cocaine), a mixture and substance containing a detectable amount of cocaine, and a mixture and substance containing a detectable amount of heroin, in violation of 21 U.S.C. §§ 841(a)(1) and 846. Id. On April 10,

2013, Jenkins entered an open plea of guilty before this Court[1] to the sole count of the superseding indictment.  Doc. No. 279.

The presentence investigation report ("PSR") determined Jenkins's base offense level to be 32 under USSG § 2D1.1(c)(4).  Doc. No. 375, ¶ 25.  The following upward adjustments applied: two levels for possession of a dangerous weapon (USSG § 2D1.1(b)(1)); two levels for the use of fear, impulse, friendship, affection, or some combination thereof to involve other individuals in the transportation, storage, or distribution of controlled substances (USSG § 2D1.1(b)(14)); and three levels for aggravating role (USSG § 3B1.1(b)).  Id. ¶¶ 26–27, 29.  Jenkins's adjusted offense level was therefore 39.  Id. ¶ 31.  Due to at least two of his prior convictions qualifying as crimes of violence or controlled substance offenses, Jenkins met the career offender criteria under USSG § 4B1.1.[2]  Id. ¶ 32.  However, because his adjusted offense level was greater than 37, the offense level for a career offender facing a statutory maximum of life imprisonment, his career offender status did not affect his offense level.  Id.  A three-level downward adjustment applied for acceptance of responsibility and timely notification under USSG § 3E1.1, culminating in a total offense level of 36.  Id. ¶¶ 33–35.  Jenkins's status as a career offender resulted in a criminal history category of VI.  Id. ¶ 68.  In addition, his criminal history score of 32 points would

---

[1] The Honorable Ralph R. Erickson, then District Judge of the United States District Court for the District of North Dakota, now Circuit Judge of the United States Court of Appeals for the Eighth Circuit.

[2] The PSR did not state which offenses qualified as predicate offenses for purposes of career offender status; however, in a 2016 order, Judge Erickson wrote, "Jenkins qualified as a career offender because he has at least two prior felony convictions that constitute crimes of violence. . . . Jenkins has a first degree aggravated robbery conviction, a second degree burglary conviction, and two separate convictions for domestic violence in which Jenkins hit and choked different victims."  Doc. No. 792, pp. 1–2.

independently have placed him in criminal history category VI. Id. ¶¶ 66–68. The guidelines accordingly called for a sentence of 324 to 405 months' imprisonment. Id. ¶ 113.

Jenkins appeared before this Court for sentencing on October 31, 2013. Doc. No. 518. The Court adopted the PSR without changes and varied downward to a sentence of 252 months' imprisonment based on the history and characteristics of the defendant, namely his tumultuous upbringing. Doc. Nos. 521 and 522. Jenkins did not file a direct appeal, and he voluntarily dismissed his sole 28 U.S.C. § 2255 motion. Doc. Nos. 852 and 854.

## II.    DISCUSSION

### A.    Amendment 798

Jenkins asserts that he is entitled to a sentence reduction because he would no longer qualify as a career offender in light of Amendment 798's changes to the career offender guideline in USSG §§ 4B1.1 and 4B1.2. As relevant here, Amendment 798 removed burglary from the "enumerated offenses clause" of the career offender guideline and struck the so-called "residual clause." USSG app. C supp., amend. 798 (2016). Amendment 798 also created a downward departure provision applicable when offenses classified as misdemeanors under state law are used as predicate offenses for career offender status. Id.

Because sentences are final judgments, a court ordinarily "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). As one narrow exception to that rule, a court may reduce a term of imprisonment "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)." 18 U.S.C. § 3582(c)(2). A reduction must also be consistent with the sentencing factors of 18 U.S.C. § 3553(a) and any "applicable policy statements issued by the Sentencing Commission." Id.

3

Because Jenkins was sentenced prior to the effective date of Amendment 798 (August 1, 2016), a sentence reduction pursuant to the amendment is only available if the amendment may be applied retroactively. See USSG §§ 1B1.10(a)(1) ("As required by 18 U.S.C. § 3582(c)(2), any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement.") and 1B1.10(a)(2)(A) ("A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if . . . none of the amendments listed in subsection (d) is applicable to the defendant."). A reduction is foreclosed in this case because USSG § 1B1.10(d) does not include Amendment 798 in its list of retroactively applicable amendments. See United States v. Strevig, 663 Fed. Appx. 908, 912 (11th Cir. 2016) (per curiam); Mathis v. United States, No. 1:17CV00023 SNLJ, 2017 WL 4280679, at *3–4 (E.D. Mo. Sept. 27, 2017).

Even if Amendment 798 were retroactive, however, Jenkins's guideline range would remain unchanged. Jenkins's total offense level was unaffected by the career offender enhancement because his adjusted offense level (39) was higher than the applicable offense level for a career offender (37). Doc. No. 375, ¶ 32. Jenkins's criminal history category also would remain the same because he independently had enough criminal history points to place him in criminal history category VI. Id. ¶ 68. Accordingly, Jenkins is not entitled to any relief under Amendment 798.[3]

---

[3] To the extent that Jenkins challenges whether his prior convictions would qualify as crimes of violence under the pre-Amendment 798 version of the career offender guideline and the categorical or modified categorical approach, § 3582(c)(2) is not the proper avenue for relief. Such a claim falls instead under the ambit of 28 U.S.C. § 2255 and would likely be time-barred.

### B.    COVID-19

In his motion to reduce sentence, Jenkins also briefly raises concerns about his risk of contracting COVID-19 while incarcerated.  He states as follows:

> Defendant Jenkins intends to bring an emergency motion to this Honorable District Court due to the current public health crisis because defendant has serious [underlying significant] verifiable physical health (high blood pressure, hypertension, obesity, high creatinine level, high hemoglobin A1C - borderline diabetic), and mental health conditions (depression, PTSD, high anxiety).  Which subjects the defendant to an [increased] potential risk to contract and spread Covid-19.

Doc. No. 965, p. 4.

It is unclear whether Jenkins is hereby making a compassionate release motion pursuant to 18 U.S.C. § 3582(c)(1)(A) or merely expressing his future intent to do so; however, because the title of the document is "Memorandum of Law Based Upon Clarifying Amendment 798" and Jenkins provides no information about any attempts to meet § 3582(c)(1)(A)'s exhaustion requirement, the Court will not consider compassionate release at this time.  If Jenkins desires to bring a compassionate release motion after fulfilling § 3582(c)(1)(A)'s exhaustion requirement, he may do so.  See 18 U.S.C. § 3582(c)(1)(A) (stating that the sentencing court may reduce a defendant's term of imprisonment "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier").

### C.    Request for Transcripts and Counsel

Lastly, Jenkins requests transcripts of his change of plea and sentencing hearings and the appointment of counsel to assist with his motion to reduce under Amendment 798.  Because the PSR shows that Jenkins was deemed a career offender and his arguments under Amendment 798

are meritless, Jenkins has not adequately demonstrated a particularized need for the transcripts he requests. Jenkins's request for the appointment of counsel is also denied, as "[t]he Eighth Circuit Court of Appeals has held that a defendant has neither a constitutional nor a statutory right to counsel in a sentence modification proceeding under 18 U.S.C. § 3582(c)(2)." United States v. Jones, No. 4:05-CR-039, 2012 WL 1067396, at *2 (D.N.D. Mar. 28, 2012) (citing United States v. Harris, 568 F.3d 666, 669 (8th Cir. 2009)).

### III. CONCLUSION

The Court has reviewed the record, the parties' filings, and the relevant legal authority. For the reasons above, Jenkins's motion to reduce sentence (Doc. No. 965), motion for transcripts (Doc. No. 969), and motion to appoint counsel (Doc. No. 970) are **DENIED**.

**IT IS SO ORDERED**.

Dated this 16th day of June, 2020.

*/s/ Peter D. Welte*
Peter D. Welte, Chief Judge
United States District Court